UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

MELVIN GRADY,

                        Plaintiff,

        - against-

COUNTY OF NASSAU; Police Officer Matthew
PADULA, Individually and in his Official Capacity;
Detective JOHNSTON, Individually and in his Official
Capacity; Detective Sergeant GIRON, Individually and
in his Official Capacity;  Detective Roy E. MCCOMB,
Individually and in his Official Capacity; Detective
MAZZIE, Individually and in his Official Capacity;
Lt. Terrence HELLER, Individually and in his Official
Capacity; Lt. Brian COLLETTI, Individually and in his
Official Capacity; PATRICK J. RYDER, Commissioner
Of Police, Nassau County Police Department, Individually
and in his Official Capacity,

                        Defendants.

-------------------------------------------------------------------X

**FIRST AMENDED
COMPLAINT
and JURY DEMAND**

2:20-cv-05431-JMA-JMW

       Plaintiff, MELVIN GRADY, by his attorneys, the LAYTON LAW FIRM, PLLC,

complaining of the Defendants, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1.     This is a civil action against the County of Nassau for the assault and battery and for other

wrongs suffered by plaintiff MELVIN GRADY, under the common law of the State of New York;

and, against the individually named defendants for the deprivation of his Constitutional rights

secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the United States

Constitution through 42 U.S.C. §1983.

2.     Plaintiff seeks compensatory damages under New York State law.

3.      Plaintiff seeks compensatory damages against the individually named defendants and attorney fees under 42 U.S.C. §1988 under the federal claims; the plaintiff further seeks punitive damages against the individually named defendants for claims under federal law.

4.      Plaintiff seeks compensatory damages and a declaratory judgment that the County is liable under Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978); the plaintiff seeks attorney fees for the Monell claim under 42 U.S.C. §1988.

## VENUE

5.      Venue is proper as the acts of occurrences giving rise to these claims occurred in County of Nassau.

## NOTICE OF CLAIM

6.      On March 21, 2019, and within 90 days of the occurrences herein complained of, Plaintiff served a Notice of Claim upon the County Attorney of the County of Nassau.

7.      The Notice of Claim stated the time when, the place where, the manner in which the injuries and damages were sustained, the Notice of Claim furthermore stated Plaintiff's demand for adjustment of the Claim.

8.      The COUNTY OF NASSAU refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that, thereafter, and within the time provided by law, this action was commenced.

9.      A hearing pursuant to General Municipal Law Section (GML) §50-h was Ordered by the Court but due to the failure of the New York State Department of Corrections and Community Supervision to produce the claimant, a hearing did not occur.

10. There was no further demand for a GML §50-h hearing and, as such, it was indefinitely postponed.[1]

11. Efforts to re-schedule a timely GML §50-h hearing have been unsuccessful.

12. The hearing pursuant to GML §50-h has been waived by the COUNTY OF NASSAU.

13. The claims made under New York State law and under federal law are timely; the time to commence the action has been tolled in accordance with Executive Orders by the Governor of the State of New York; the statute of limitation for the federal claims is three (3) years from accrual.

## PARTIES

14. At all times herein mentioned, Plaintiff was resident of the County of Queens, City and State of New York.

15. Plaintiff, MELVIN GRADY is learning disabled.

16. At all times herein mentioned, Defendant COUNTY OF NASSAU was, and still is, a municipal corporation organized under the laws of the State of New York.

17. Upon information and belief, Defendant Police Officer Does (1-5) and Detective Does (1-2) resided and still reside in the State of New York.

18. Upon information and belief, PATRICK J. RYDER, Commissioner of Police, Nassau County Police Department, resided and resides in the County of Nassau in the State of New York.

19. At all times hereinafter mentioned, Defendant COUNTY OF NASSAU maintained the Nassau County Police Department, as units and agencies of the County government, having the duty to protect life and property, prevent crime, preserve the public peace and enforce all the laws, ordinances and provisions of the County of Nassau and State of New York and the United States

---

1 "When the hearing has been indefinitely postponed and the municipality does not serve a subsequent demand, a plaintiffs (sic) failure to appear for a hearing will not warrant dismissal of the complaint." *See*, Southern Tier Plastics, Inc. v. County of Broome, 53 AD3d 980, 862 N.Y.S.2d 175, 2008 NY Slip Op 6423 (N.Y. App. Div. 2008).

Constitution.

20.     Defendant COUNTY OF NASSAU by its agents, servants, employees, agencies and/or departments failed to adequately and properly test and/ or screen police officers and detectives of Nassau County Police Department.

21.     Defendant COUNTY OF NASSAU by its agents, servants, employees, agencies and/or departments carelessly, negligently, and recklessly hired applicants for the position of police officers and detectives of Nassau County Police Department.

22.     Defendant COUNTY OF NASSAU by its agents, servants, employees, agencies and/or departments carelessly, negligently, and recklessly trained applicants for the position of police officers and detectives of Nassau County Police Department

23.     Defendant COUNTY OF NASSAU by its agents, servants, employees, agencies and/or departments carelessly, negligently, and recklessly supervised the activities of their police officers and detectives of the Nassau County Police Department

24.     Defendant COUNTY OF NASSAU by its agents, servants, employees, agencies and/or departments carelessly, negligently, and recklessly controlled the activities of their police officers and detectives of Nassau County Police Department

25.     Defendant COUNTY OF NASSAU by its agents, servants, employees, agencies and/or departments carelessly, negligently, and recklessly managed the activities of their police officers and detectives of Nassau County Police Department

26.     Defendant COUNTY OF NASSAU by its agents, servants, employees, agencies and/or departments carelessly, negligently, and recklessly maintained the activities of their police officers and detectives of Nassau County Police Department

27.     Defendant COUNTY OF NASSAU by its agents, servants, employees, agencies and/or

departments carelessly, negligently, and recklessly inspected the activities of their police officers and detectives of Nassau County Police Department.

26.     Defendant COUNTY OF NASSAU by its agents, servants, employees, agencies and/or departments caused, permitted, and allowed their police officers and detectives of Nassau County Police Department to act in an illegal manner.

27.     Defendant COUNTY OF NASSAU by its agents, servants, employees, agencies and/or departments caused, permitted, and allowed their police officers and detectives of Nassau County Police Department to act in an unprofessional manner.

28.     Defendant COUNTY OF NASSAU by its agents, servants, employees, agencies and/or departments caused, permitted and allowed their police officers and detectives of Nassau County Police Department to act in a negligent and/or deliberate manner in carrying out their official duties and/or responsibilities.

29.     Defendant, COUNTY OF NASSAU, by its' agents, servants, employees, agencies and/or departments, caused, permitted, and failed to take proper action in suspending and/or reprimanding their police officers and detectives.

30.     Defendant, COUNTY OF NASSAU, by its' agents, servants, employees, agencies and/or departments carelessly, negligently and recklessly, continued to retain in their employment, police officers and detectives of the County of Nassau Police Department, clearly unfit to be police officers and detectives of the County of Nassau Police Department.

31.     That at all times hereinafter mentioned, Defendant   Police Officer Matthew PADULA was an agent, servant and/or employee of the Nassau County Police Department, an agency of the defendant COUNTY OF NASSAU.

32.     At all times hereinafter mentioned, Police Officer Matthew PADULA was acting within

the scope of his employment by the Nassau County Police Department, an agency of Defendant COUNTY OF NASSAU and was acting under the color of state law.

33. At all times hereinafter mentioned, Defendant Police Officer Matthew PADULA was acting within the scope of his employment with the permission and consent of the Nassau County Police Department through its agency with Defendant COUNTY OF NASSAU.

34. That at all times hereinafter mentioned, Defendant Detective JOHNSTON was an agent, servant and/or employee of the Nassau County Police Department, an agency of the defendant COUNTY OF NASSAU.

35. At all times hereinafter mentioned, Defendant Detective JOHNSTON was acting within the scope of his employment by the Nassau County Police Department, an agency of Defendant COUNTY OF NASSAU and was acting under the color of state law.

36. At all times hereinafter mentioned, Defendant Detective JOHNSTON was acting within the scope of his employment with the permission and consent of the Nassau County Police Department through its agency with Defendant COUNTY OF NASSAU.

37. That at all times hereinafter mentioned, Defendant Detective Sergeant GIRON was an agent, servant and/or employee of the Nassau County Police Department, an agency of the defendant COUNTY OF NASSAU.

38. At all times hereinafter mentioned, Defendant Detective Sergeant GIRON was acting within the scope of his employment by the Nassau County Police Department, an agency of Defendant COUNTY OF NASSAU and was acting under the color of state law.

39. At all times hereinafter mentioned, Defendant Detective Sergeant GIRON was acting within the scope of his employment with the permission and consent of the Nassau County Police Department through its agency with Defendant COUNTY OF NASSAU.

40.     That at all times hereinafter mentioned, Defendant Detective Roy E. MCCOMB was an agent, servant and/or employee of the Nassau County Police Department, an agency of the defendant COUNTY OF NASSAU.

41.     At all times hereinafter mentioned, Defendant Detective Roy E. MCCOMB was acting within the scope of his employment by the Nassau County Police Department, an agency of Defendant COUNTY OF NASSAU and was acting under the color of state law.

42.     At all times hereinafter mentioned, Defendant Detective Roy E. MCCOMB was acting within the scope of his employment with the permission and consent of the Nassau County Police Department through its agency with Defendant COUNTY OF NASSAU.

43.     That at all times hereinafter mentioned, Defendant Detective MAZZIE was an agent, servant and/or employee of the Nassau County Police Department, an agency of the defendant COUNTY OF NASSAU.

44.     At all times hereinafter mentioned, Defendant Detective MAZZIE was acting within the scope of his employment by the Nassau County Police Department, an agency of Defendant COUNTY OF NASSAU and was acting under the color of state law.

45.     At all times hereinafter mentioned, Defendant Detective MAZZIE was acting within the scope of his employment with the permission and consent of the Nassau County Police Department through its agency with Defendant COUNTY OF NASSAU.

46.     That at all times hereinafter mentioned, Defendant Lt. Terrence HELLER was an agent, servant and/or employee of the Nassau County Police Department, an agency of the defendant COUNTY OF NASSAU.

47.     At all times hereinafter mentioned, Defendant Lt. Terrence HELLER was acting within the scope of his employment by the Nassau County Police Department, an agency of Defendant

COUNTY OF NASSAU and was acting under the color of state law.

48.     At all times hereinafter mentioned, Defendant Lt. Terrence HELLER was acting within the scope of his employment with the permission and consent of the Nassau County Police Department through its agency with Defendant COUNTY OF NASSAU.

49.     That at all times hereinafter mentioned, Defendant Lt. Brian COLLETTI was an agent, servant and/or employee of the Nassau County Police Department, an agency of the defendant COUNTY OF NASSAU.

50.     At all times hereinafter mentioned, Defendant Lt. Brian COLLETTI was acting within the scope of his employment by the Nassau County Police Department, an agency of Defendant COUNTY OF NASSAU and was acting under the color of state law.

51.     At all times hereinafter mentioned, Defendant Lt. Brian COLLETTI was acting within the scope of his employment with the permission and consent of the Nassau County Police Department through its agency with Defendant COUNTY OF NASSAU.

52.     Defendant COUNTY OF NASSAU by its agents, servants, employees, agencies and/or departments failed to conduct investigations properly and adequately, obtain true facts and statements from witnesses and law enforcement officers.

53.     Defendant COUNTY OF NASSAU by its agents, servants, employees, agencies and/or departments, was careless, reckless and negligent in failing to discover the true facts which led to the Plaintiff's victimization by excessive force; assault; battery; and the violation of his civil rights under the 1st, 4th, 5th and 14th Amendments of the United States Constitution as enforced by the provisions of 42 U.S.C. §1983 and parallel provisions of the New York State Constitution.

54.     Defendant COUNTY OF NASSAU by its agents, servants, employees, agencies and/or departments, was further careless, reckless, and negligent in the supervision of the activities of its

agency Nassau County Police Department.

55.     Defendant COUNTY OF NASSAU by its agents, servants, employees, agencies and/or departments failed to take all necessary steps to prevent the plaintiff's victimization by excessive force, assault, battery, and violation of federal and state civil rights.

56.     At all times relevant to the facts herein, Defendant PATRICK J. RYDER, Commissioner of Police, Nassau County Police Department, was a policymaker regarding training regarding use of force, identifying learning and other mental disabilities and policing of diverse populations including learning disabled and mentally disabled individuals, and discipline of officers and detectives of the Nassau County Police Department,

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

57.     On January 20, 2019 at approximately 4:00 a.m. plaintiff MELVIN GRADY was in the custody of the Nassau County Police Department in the detective's room/arrest room at the District Five Police Station in the County of Nassau, State of New York.

58.     While in the detective's room/arrest room at the District Five Police Station, Plaintiff was questioned by Police Officers and/or detectives.

59.     Police Officer Matthew PADULA questioned the plaintiff inside of the detective's room/arrest room at the District Five Police Station.

60.     Detective JOHNSTON questioned the plaintiff inside of the detective's room/arrest room at the District Five Police Station.

61.     Detective Sergeant GIRON questioned the plaintiff inside of the detective's room/arrest room at the District Five Police Station.

62.     Detective Roy E. McCOMB questioned the plaintiff inside of the detective's room/arrest

9

room at the District Five Police Station.

63.     Detective MAZZIE questioned the plaintiff inside of the detective's room/arrest room at the District Five Police Station.

64.     Plaintiff declined to answer the questions of the police officers and/or detectives in a manner that was considered satisfactory to the police officers and/or detectives.

65.     While inside the detective's room, the Plaintiff's hands were tightly handcuffed behind his back and to a bench.

66.     Plaintiff complained about the pain he was suffering from the tight handcuffs.

67.     The officer and/or detectives who were inside the detective/arrest room with the plaintiff refused to and failed to loosen or adjust the excessively tight handcuffs and furthermore, left the handcuffs on him for an excessive period of time.

68.     When the plaintiff MELVIN GRADY failed to provide answers that the officer and/or detectives regarded as adequate responses, he was threatened with violence and force to obtain answers to the questions.

69.     While handcuffed to the bench, the plaintiff MELVIN GRADY was choked by one or more of individually named defendants who were inside of the detective/arrest room.

70.     While he was handcuffed to a bench, the plaintiff was repeatedly punched in the head with a closed fist by one or more of individually named defendants who were inside of the detective/arrest room with him.

71.     Plaintiff lost consciousness during the assault and battery inside of the detective/arrest room.

72.     Plaintiff regained consciousness inside the detective/arrest room.

73.     Plaintiff's legs were forcefully held open and was kicked and kneed in his groin

by one or more of the individually named defendants who were inside of the detective/arrest room with him.

74.     One or more of the individually named defendants observed the assaults upon plaintiff and failed to intervene to prevent the aforesaid use of force against the Plaintiff.

75.     Defendant Police Officer Matthew PADULA did not call for medical assistance following the beating inflicted upon Plaintiff.

76.     Defendant Detective JOHNSTON did not call for medical assistance following the beating inflicted upon Plaintiff.

77.     Defendant Detective Sergeant GIRON did not call for medical assistance following the beating inflicted upon the Plaintiff.

78.     Defendant Roy E. McCOMB did not call for medical assistance following the beating inflicted upon the Plaintiff.

79.     Defendant MAZZIE did not call for medical assistance following the beating inflicted upon the Plaintiff.

80.     Defendant Lt. Terrence HELLER did not call for medical assistance following the beating inflicted upon the Plaintiff.

81.     Defendant Lt. Brian COLLETI did not call for medical assistance following the beating inflicted upon the Plaintiff.

82.     Following his beating the plaintiff informed Officers at the Detention Desk at approximately 4 PM on January 22, 2019 that he had been assaulted and suffered a head injury and a ruptured vein in his scrotum or penis and that "the cops did this to me."

83.     The injuries to the plaintiff were obvious and he was noted by Nassau County Sherriff's Department User 06067 to be "unable to focus during intake process;" and that the plaintiff

11

claimed the injuries were inflicted by members of the Nassau County Police Department.

84.    Despite the fact that the plaintiff's injuries happened while in the custody of defendant officers whose could be readily identified as the culprits who violently assaulted and battered him, upon information and belief the superior officers at the Nassau County Police Department failed to take remedial action including filing of internal police department charges against the culprits who committed the aforesaid acts; failed to refer the matter for prosecution and otherwise engaged in a cover-up of the assault upon the plaintiff.

85.    The conduct of the defendants in assaulting plaintiff in the manner aforesaid was so unreasonable that no reasonable officer could think that such conduct was lawful.

86.    As a result of the foregoing, plaintiff MELVIN GRADY was injured.

### FIRST CAUSE OF ACTION
Assault and Battery-New York State Law

87.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "86" inclusive with the same force and effect as though hereinafter set forth at length.

88.    On January 20, 2019, while Plaintiff was at the District Five Police Station, Defendant Police Officer Does 1-5 and Police Officer Does 1-2 caused Plaintiff apprehension of imminent harmful or offensive contact.

89.    On January 20, 2019, while Plaintiff was at the District Five Police Station, Defendant Police Officer Does 1-5 and Police Officer Does 1-2 stuck the plaintiff with fists and feet and knees and otherwise caused plaintiff to be battered without provocation.

90.    Plaintiff, MELVIN GRADY was injured.

91.    Plaintiff, MELVIN GRADY was seriously injured.

92.    Plaintiff demands judgment against defendant COUNTY OF NASSAU in a sum of money

which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

## SECOND CAUSE OF ACTION
Negligent Infliction of Emotional Distress-New York State Law

93.     Plaintiff incorporates each and every allegation and averment set forth in paragraphs "1"

through "92" of this Verified Complaint as though fully set forth herein.

94.     Defendant Police Officer Does 1-5 and Detective Does 1-2 owed a duty of care to Plaintiff

to not needlessly cause injury and harm to him.

95.     Defendant Police Officer Does 1-5 and Detective Does 1-2 acts and omissions as stated

breached the duty of care to Plaintiff.

96.     Defendant Police Officer Does 1-5 and Detective Does 1-2 actions are not tolerated within

the bounds of a decent society.

97.     Defendant Police Officer Does 1-5 and Detective Does 1-2 conduct intended to, or

disregarded the substantial probability of, causing Plaintiff severe emotional distress.

98.     As a direct result of the extreme and outrageous conduct by Defendant Police Officer Does

1-5 and Detective Does 1-2 Plaintiff suffered severe emotional and psychological distress, anguish,

anxiety, fear, humiliation, and physical injuries.

99.     As a result of the foregoing, Plaintiff demands judgment against defendant COUNTY OF

NASSAU in a sum of money which exceeds the jurisdiction limits of all the courts lesser

jurisdiction.

## THIRD CAUSE OF ACTION
Negligence -New York State Law

100.    Plaintiff incorporates each and every allegation and averment set forth in paragraphs "1"

through "99" of this Verified Complaint as though fully set forth herein.

101. Defendant NASSAU COUNTY, through the Nassau County Police Department, had a duty towards Plaintiff to keep him safe, secure, and without injury once in defendant's custody, care, and control.

102. This duty included keeping Plaintiff from being punched, kicked, kneed and/or otherwise assaulted and battered by Defendant Police Officer Does 1-5 and Detective Does 1-2.

103. Defendant NASSAU COUNTY, through the Nassau County Police Department, breached its duty when it failed to take reasonable measures to prevent Defendant Police Officer Does 1-5 and Detective Does 1-2 assault and battery of Plaintiff.

104. Defendant NASSAU COUNTY's breach of its duty is the proximate cause of Plaintiff's injuries.

105. As a result of the foregoing, Plaintiff demands judgment against Defendant NASSAU COUNTY in a sum of money which exceeds the jurisdiction limits of all the courts lesser jurisdiction.

### FOURTH CAUSE OF ACTION
(Against Defendants Padula, Johnston, Giron, McComb and Mazzie)
Excessive Force-42 U.S.C. §1983

106. Plaintiff incorporates each and every allegation and averment set forth in paragraphs "1" through "105" of this Verified Complaint as though fully set forth herein.

107. Defendant Police Officer Police Officer Matthew PADULA placed Plaintiff in excessively tight handcuffs, and although Plaintiff informed Police Officer Matthew PADULA that he was suffering pain and requested the handcuffs be loosened, Police Officer Matthew PADULA refused to do so.

108. Defendant Detective JOHNSTON placed Plaintiff in excessively tight handcuffs, and although Plaintiff informed Detective JOHNSTON that he was suffering pain and requested the

handcuffs be loosened, Detective JOHNSTON refused to do so.

109.     Defendant Detective Sergeant GIRON placed Plaintiff in excessively tight handcuffs, and although Plaintiff informed Detective Sergeant GIRON that he was suffering pain and requested the handcuffs be loosened, Detective Sergeant GIRON refused to do so.

110.     Defendant Detective Roy E. MCCOMB placed Plaintiff in excessively tight handcuffs, and although Plaintiff informed Detective Roy E. MCCOMB that he was suffering pain and requested the handcuffs be loosened, Detective Roy E. MCCOMB refused to do so.

111.     Defendant Detective MAZZIE placed Plaintiff in excessively tight handcuffs, and although Plaintiff informed Detective MAZZIE that he was suffering pain and requested the handcuffs be loosened, Detective MAZZIE refused to do so.

112.     Defendant Lt. Terrence HELLER placed Plaintiff in excessively tight handcuffs, and although Plaintiff informed Lt. Terrence HELLER that he was suffering pain and requested the handcuffs be loosened, Detective Lt. Terrence HELLER refused to do so. Lt. Brian COLLETTI

113.     Defendant Lt. Brian COLLETTI placed Plaintiff in excessively tight handcuffs, and although Plaintiff informed Lt. Brian COLLETTI that he was suffering pain and requested the handcuffs be loosened, Detective Lt. Brian COLLETTI refused to do so.

114.     While the Plaintiff MELVIN GRADY was handcuffed and in custody he was punched, kicked and kneed about his head, body -including his testicles; and his head was slammed into a bench.

115.     The assault and battery of the Plaintiff was committed by the individually named defendants.

116.     The use of force as aforesaid was unreasonable.

117.     The circumstances did not support the use of force against plaintiff MELVIN GRADY.

118.    The conduct and actions of the individually named defendants in beating Plaintiff, was done intentionally, willfully, maliciously, with deliberate indifference and/or with reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution including the right to be free from excessive, unreasonable and unjustified force.

119.    The excessive use of force perpetrated on Plaintiff was objectively unreasonable.

120.    Plaintiff sustained serious injuries from the use of force as aforesaid.

121.    Plaintiff seeks compensatory damages including costs and disbursements and attorney fees under 42 U.S.C. §1988.

## FIFTH CAUSE OF ACTION
(Against Defendants Padula, Johnston, Giron, McComb and Mazzie)
Failure to Intervene-42 U.S.C. §1983

122.    Plaintiff incorporates each and every allegation and averment set forth in paragraphs "1" through "121" of this Verified Complaint as though fully set forth herein.

123.    Plaintiff MELVIN GRADY was assaulted and battered in the presence of individually named officers who were present, observed, and/or were otherwise aware or reasonably should have been aware that Plaintiff was being subjected to excessive force and the deprivation of his rights alleged herein.

124.    Each of the individually named defendants had a duty to prevent and/or intervene to prevent Plaintiff from being subjected to excessive force.

125.    Each of the individually named defendants refused and/or failed to prevent and/or intervene so as to prevent Plaintiff from being subjected to excessive use of force.

126.     The acts and omissions of the individually named officers who failed to intervene were a direct and proximate cause of Plaintiff's injuries.

127.     Plaintiff seeks compensatory damages including costs and disbursements and attorney fees under 42 U.S.C. §1988.

### SIXTH CAUSE OF ACTION
(Against Defendants Padula, Johnston, Giron, McComb and Mazzie)
First and Fifth Amendments-42 U.S.C. §1983

128.     Plaintiff incorporates each and every allegation and averment set forth in paragraphs "1" through "127" of this Verified Complaint as though fully set forth herein.

129.     Plaintiff's Constitutionally protected rights include the right under the Fifth Amendment to not be subjected to coercion and force to extract statements and to not be subjected to retaliation by State agents for the exercise of his right to speech.

130.     Excessive force against Plaintiff was used in retaliation for Plaintiff's refusal to provide answers to questions and to his complaints about being physically abused.

131.     The injuries sustained by Plaintiff were proximately caused by the violation of Plaintiff's rights under the First and Fifth Amendments to the United States Constitution by the individually named defendants.

132.     Plaintiff seeks compensatory damages including costs and disbursements and attorney fees under 42 U.S.C. §1988.

### SEVENTH CAUSE OF ACTION
(Against Defendants Padula, Johnston, Giron, McComb and Mazzie)
Right to Equal Protection -42 U.S.C. §1983

133.     Plaintiff incorporates each and every allegation and averment set forth in paragraphs "1" through "132" of this Verified Complaint as though fully set forth herein.

134.    At all times relevant herein, Plaintiff, a learning-disabled African American male, had a right to equal protection under the law as afforded and provided by the Fourteenth Amendment.

135.    Excessive force was used in retaliation for Plaintiff's speech, race and, disability.

136.    A substantial and motivating reason for the use of excessive force was due to their being emboldened to commit misconduct to misuse and abusing their authority or power by taking advantage of some weakness or disability or misfortune of Plaintiff because of Plaintiff's clear and apparent vulnerability in reckless disregard of Plaintiff's rights, accompanied by ill will or spite.

137.    The acts and omissions of the individually named defendants were a direct and proximate cause of Plaintiff's injuries.

138.    Plaintiff seeks compensatory damages including costs and disbursements and attorney fees under 42 U.S.C. §1988.


## EIGHTH CAUSE OF ACTION
Supervisory and Municipal Liability—Failure to Train, Discipline, Terminate
Deliberate Indifference- 42 U.S.C. §1983

139.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs "1" through "138" above as though fully set forth herein.

140.    At all times mentioned herein and prior thereto, defendant COUNTY OF NASSAU had a duty to train, instruct, supervise and discipline their subordinates to assure they respected and did not violate constitutional and statutory rights of those in its custody, and to objectively investigate violations of said detainees' rights, including, but not limited to, the right to be free of infliction and cruel and unusual punishment and the right to be safe and protected from injury while in defendants' custody, under the Fourth and Fourteenth Amendments to the U.S. Constitution.

141.    Plaintiffs are informed and believe, and allege, that prior to the incident alleged herein, defendant NASSAU COUNTY facilitated, permitted, ratified and condoned similar acts violence against detainees, and were deliberately indifferent to the health and safety of those detainees in general and Plaintiff in particular. Said defendant knew, or should have reasonably known, of this practice, pattern or policy of constitutional violations, and additionally, of the existence of facts and situations which created the potential of unconstitutional acts, and had a duty to instruct, train, supervise and discipline their subordinates to prevent similar acts to other persons, but failed to do so.

142.    The supervisors and policy making officers of defendant COUNTY OF NASSAU including defendant PATRICK J. RYDER, Commissioner of Police, Nassau County Police Department, as a matter of *de facto* policy, custom and practice failed to take steps to terminate the above detailed practices and have failed to discipline or otherwise properly supervise the individuals engaged in such practices.

143.    Defendant COUNTY OF NASSAU was deliberately indifferent to the use of force by its' police officers and more particularly to learning disabled and mentally handicapped persons including the Plaintiff herein.

144.    The COUNTY OF NASSAU is liable to Plaintiff for his injuries and damages under the doctrine of Moncll v. Department of Soc. Svcs., 436 U.S. 658 (1978).

145.    Plaintiff seeks compensatory damages including costs and disbursements and attorney fees under 42 U.S.C. §1988.

### NINTH CAUSE OF ACTION
(Against Defendants Padula, Johnston, Giron, McComb and Mazzie)
Punitive Damages

146.    Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1"

through "145" as if more fully set forth herein.

147.   The actions of the individually named defendants constituted intentional violations of federal and state law.

148.   The actions of the individually named defendant Police Officers, Detectives and Lieutenants, were intentional, malicious, willful, wanton and in reckless disregard of Plaintiff's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages on these defendants in their individual capacity.

149.   As a result, Plaintiff is seeks punitive damages against Defendant Police Officer Matthew PADULA,  Detective JOHNSTON,  Detective Sergeant GIRON,   Detective Roy E. MCCOMB, Detective MAZZIE,  Lt. Terrence HELLER,  and Lt. Brian COLLETTI including costs and disbursements and attorney fees under 42 U.S.C. §1988. .

       **WHEREFORE,** Plaintiff, MELVIN GRADY, seeks damages herein on the First through Third causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with costs and disbursements of this action; on the Fourth through Eighth cause of action plaintiff seeks damages in an amount to be determined by the trier of fact and costs and disbursements of the action as well as legal fees pursuant to 42 U.S.C. §1988; on the Ninth cause of action, plaintiff seeks punitive damages in an amount to be determined by the trier of fact together with the costs and disbursement of the action as well as legal fees pursuant to 42 U.S.C. §1988.

       Dated: New York, NY
              May 18, 2021

LAYTON LAW FIRM PLLC
By: _____
Paul Thomas Layton, Esq. (9242)
Attorneys for Plaintiff
MELVIN GRADY
40 Wall Street, 28th Floor
New York, New York 10005
646-402-4811
laytonlaw10007@gmail.com